IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL GARCIA, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civ. No. 97-2861 (JBS) |
| v. | [Crim. No. 93-536-03 (JBS)] |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

    This matter comes before the Court on Petitioner Manuel Garcia's motion, pursuant to 28 U.S.C. § 2255, Fed. R. Civ. P. 60(b) and "The All Writs Act," 28 U.S.C. § 1651, to reopen and supplement a previously unsuccessful motion to vacate his sentence. The Court has considered the submissions of the Petitioner in support thereof [Docket Item No. 23] and the Government's response requesting that the Court dismiss the motion for lack of jurisdiction [Docket Item No. 25]. For the following reasons, Petitioner's motion, construed as a successive petition for a writ of habeas corpus under § 2255, will be dismissed without prejudice for lack of jurisdiction. The Court finds as follows:

1. Following a jury trial before this Court on September 29, 1994, Petitioner was convicted of using interstate commerce facilities to commit a murder for hire, in violation of 18 U.S.C § 1958, and was sentenced to life imprisonment on October 4, 1994. United States v. Garcia, No. 94-5647 (D.N.J. October 4, 1994). Petitioner appealed, and the Third Circuit Court of Appeals affirmed his conviction on July 29, 1996. United States v. Garcia, No. 94-5647 (3d. Cir. July 29, 1996).

2. Petitioner filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on June 2, 1997 in this Court. Garcia v. United States, No. 97-cv-2861 (D.N.J. June 2, 1997). The Court denied his petition in an opinion issued on July 29, 1998. Garcia v. United States, No. 97-cv-2861 (D.N.J. JuLY 29, 1998). On August 7, 1998, Petitioner sought to appeal that ruling, but the Court denied his request for a Certificate of Appealability on September 15, 1998. Garcia v. United States, No. 97-cv-2861 (D.N.J. September 15, 1998)  Subsequently, on June 4, 1999, the Court of Appeals also denied Petitioner's request for a Certificate of Appealablity. Garcia v. United States, No. 97-cv-2861 (3d Cir. June 4, 1999).

3. On June 27, 2005, Petitioner filed his second § 2255 motion in this Court, seeking relief under Fed. R. Civ. P. 15, Fed. R. Civ. P. 60(b), Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United

States v. Booker, 543 U.S. 220 (2005).  That motion was denied by this Court on July 22, 2005, Garcia v. United States, No. 97-cv-2861 (D.N.J. July 22, 2005), as being untimely and Petitioner did not seek further review.

    4. On April 17, 2007, Petitioner filed the present motion to reopen and supplement his originally-filed petition for habeas corpus and to vacate his sentence pursuant to 28 U.S.C. § 2255, Fed. R. Civ. P. 60(b) and "The All Writs Act," 28 U.S.C. § 1651.  In this motion, Petitioner asserts what he refers to as a claim of "actual innocence," arguing that although he "did conspire[] with others to murder Mr. Cohen, [ ] he did not aid or assist in the preparations for carrying out the murder plan."  (Pet'r. Mot. at 23-24.)  He also makes a Sixth Amendment claim that the jury rendered an unconstitutional general verdict and sentenced him for "a congressionally defined aggravated offense which was never proven beyond a reasonable doubt."  (Pet'r. Mot. at 21-22.)

    5. The Government responded to the motion on October 12, 2007.[1]  [Docket Item No. 25].  In its response, the Government argues Petitioner's motion should be dismissed for lack of jurisdiction because Petitioner has not received authorization from the Third Circuit to file a second or successive motion as required by 28 U.S.C. § 2255.  (Def.'s Resp. at 5.)

    6.  28 U.S.C. § 2255(a) (2000) provides that a federal

---

[1] The Government was not served with a copy of Petitioner's motion until October 9, 2007.  (Def.'s Resp. at 2.)

prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." That court shall then grant the petitioner a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id. While it is within the discretion of the district court whether to order a hearing, United States v. Day, 969 F.2d 39, 41 (3d Cir. 1992), "in exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Id. at 42 (citing V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). The district court will correct a defendant's sentence if it finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The petitioner however, bears the ultimate burden of proving that his conviction is illegal. United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).

6. Although Petitioner has asserted three bases for vacating his sentence, (namely, § 2255, Fed. R. Civ. P. 60(b), and the

"All Writs Act," 28 U.S.C. § 1651), the only avenue available to him under the case's current procedural posture is a habeas application pursuant to § 2255.  As Petitioner is proceeding pro se, the Court will hold Petitioner to a less stringent standard of pleading than the standards applicable to trained attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  The Court will therefore construe Petitioner's petition liberally, interpreting it as a motion to vacate his sentence under § 2255, because relief under both Rule 60(b) and the All Writs Act[2] is unavailable for a successive § 2255 petition.  See In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005) ("although it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), it was in substance a motion under 28 U.S.C. § 2255."); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that motion for reconsideration under Fed. R. Civ. P. 60(b) was properly construed as successive § 2255 petition); see also Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003)

---

[2] The Petitioner seeks to invoke both the common law writ of *audita querela* (Pet'r. Mot. at 5) and the common law writ of *coram nobis*. (Id. at 6, n.4).  Although formally abolished in civil cases by Fed. R. Civ. P 60(b), both remain available for use in criminal cases in limited circumstances. United States v. LaPlante, 57 F.3d 253, 253 (2d Cir. 1995).  The writ of *audita querela* is available for a collateral attack when "there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  Id. The writ of *coram nobis* is "an extraordinary remedy . . . generally sought to review a criminal conviction where a motion under 28 U.S.C. is unavailable." Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005).

(prohibiting writ of *coram nobis* to be used to avoid AEDPA's gate-keeping requirements); United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 1989) (stating that *coram nobis* relief is only available to individuals not in custody); Shelton v. United States, 2006 WL 2917553, *1 (3d Cir. 2006) (stating that writ of *audita querela* "cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions").

7. A petitioner may file a second or successive habeas motion pursuant to § 2255, but that petition is subject to the strict limitations imposed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A second or successive motion may be brought only after a panel of the appropriate court of appeals certifies that it contains: (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to collateral review cases.  28 U.S.C. § 2255 (h).  Petitioner has not received authorization from the Third Circuit to file his successive § 2255 motion.

8. Without the required authorization from the Court of Appeals, this Court lacks the subject matter jurisdiction necessary to consider Petitioner's motion.  Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002) (holding that "most courts that have considered the issue treat the successiveness issue as comparable to the defense that the court lacks jurisdiction over

6

the subject matter"). Therefore, the Court must use its discretion in choosing whether to dismiss the motion or transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631. Id. at 139 (noting that when a "second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals").

9. If Petitioner's motion were transferred to the Third Circuit, precedent would require it to be denied. Petitioner's argument that he is entitled to habeas relief based on a claim of "actual innocence," due to the fact that he withdrew from the murder conspiracy, is without merit. Even if he was not physically present at the scene of the murder, by Petitioner's own admission he conspired in the murder for hire plot. (Pet'r. Mot. at 23-24.) Withdrawal from a conspiracy is not a defense absolving a defendant from liability, because the crime of conspiracy "is in the agreement, not in the achievement of its criminal end." United States v. Kushner, 305 F.3d 194, 198 (3d Cir. 2002). See United States v. Rogers, 102 F.3d 641, 644 (1st Cir. 1996 (withdrawal is not a defense to a crime that has been completed). Therefore, this claim provides no basis for finding that Petitioner's sentence is unlawful. Cf. 28 U.S.C. § 2255(a).

10. Additionally, by arguing that he is entitled to relief because he was sentenced for an aggravated offense that was never

7

proven beyond a reasonable doubt, Petitioner is essentially arguing that he was denied his Sixth Amendment right to a jury finding regarding facts that increase the statutory maximum penalty as described in Apprendi and Booker.[3]  However, it is well established that such claims based on new rules of law do not apply retroactively to cases on collateral review that became final before those decisions.  See United States v. Olopade, 403 F.3d 159 (3d. Cir. 2005) (holding that Booker fails to supply petitioners seeking permission to file second or successive § 2255 motions with the required evidence of a "new rule of constitutional law, made retroactive to cases on collateral review"); In re Turner, 267 F.3d 225, 230 (3d Cir. 2001) (holding that Apprendi claims are not cognizable in successive § 2255 motions).  As noted supra, Petitioner's conviction became final on July 29, 1996.  Apprendi and Booker were decided on June 26, 2000 and January 12, 2005, respectively.  Apprendi and Booker therefore do not apply retroactively to Petitioner's claims on collateral review because his case became final before those decisions were rendered.  This Court therefore may not entertain his motion for collateral relief.  However, In re Olopade makes clear that a court denying a petitioner's request for leave to file a successive habeas motion should do so without prejudice in case "the Supreme Court subsequently makes Booker retroactive to cases on collateral review."  403 F.3d at 164.

---

[3] Petitioner previously presented a similar claim in his second § 2255 motion, which was denied.  (Pet'r. Mot. at 6-7).

11.  For the foregoing reasons, Petitioner's § 2255 motion is dismissed without prejudice for lack of jurisdiction to entertain the motion.

**April 9, 2008**                              **s/ Jerome B. Simandle**
DATE                                           JEROME B. SIMANDLE
                                               U.S. District Judge