IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MANUEL GARCIA, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civ. No. 97-2861 (JBS) |
| v. | Crim. No. 93-536-03 (JBS) |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

    This matter comes before the court on two motions from Manuel Garcia.  The first motion, filed on the civil docket of 97-2861, seeks to reopen Garcia's 28 U.S.C. § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6).  [Civ. 97-2816, Docket Item 32.]  The second motion also seeks to reopen Garcia's § 2255 motion and is styled as an independent action pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), Fed. R. Civ. P. 60(b)(6), and Rule 60(d).  The second motion was docketed on the criminal docket of 93-536-03.  [Cr. 93-536-03, Docket Item 52.]  For the following reasons, both of Petitioner's motions will be construed as successive petitions for a writ of habeas corpus under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction.  The Court finds as follows:

    1.  Following a jury trial before this Court on September 29, 1994, Petitioner was convicted of using interstate commerce

facilities to commit a murder for hire, in violation of 18 U.S.C § 1958, and was sentenced to life imprisonment.  United States v. Garcia, Cr. No. 93-536-03 (D.N.J. October 4, 1994).  Petitioner appealed, and the Third Circuit Court of Appeals affirmed his conviction.  United States v. Garcia, No. 94-5647, 92 F.3d 1173 (Table) (3d Cir. July 29, 1996).

    2.  Petitioner filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on June 2, 1997 in this Court.  Garcia v. United States, Civ. No. 97-2861 (D.N.J. June 2, 1997).  The Court denied his petition.  Garcia v. United States, Civ. No. 97-2861 (D.N.J. July 29, 1998).  Petitioner sought to appeal that ruling, but the Court denied his request for a certificate of appealability.  Garcia v. United States, Civ. No. 97-2861 (D.N.J. September 15, 1998).  Subsequently, the Court of Appeals also denied Petitioner's request.  Garcia v. United States, No. 97-2861 (3d Cir. June 4, 1999).

    3.  On August 13, 2001, Garcia filed a motion seeking a reduction of his sentence, pursuant to an amendment to the United States Sentencing Guidelines § 2E1.4.  On May 23, 2002, the Court construed the motion as arising under 18 U.S.C. § 3582(c), and denied Garcia's motion on the merits.  United States v. Garcia, 204 F. Supp. 2d 790, 792-93 (D.N.J. 2002).

    4.  Garcia has subsequently filed several successive § 2255 motions challenging his conviction and sentence with this Court.

Specifically, Garcia's motion of June 27, 2005 [Civ. Docket Item 17] was denied by the Court on July 22, 2005 [Civ. Docket Item 18]; his motion of April 17, 2007 [Civ. Docket Item 23] was dismissed by the Court on April 9, 2008 [Civ. Docket Items 27 & 28]; and his motion of May 11, 2009 [Cr. Docket Item 22] was dismissed by the Court on September 22, 2009 [Cr. Docket Items 32 & 33]. Each of these three motions was identified as a successive motion under § 2255 filed without an order from the Third Circuit, over which the Court lacked jurisdiction.

    5. On September 13, 2010, Garcia filed his present motion to reopen the § 2255 motion pursuant to Rule 60(b). On October 6, 2010, Garcia filed his "independent action" to reopen the § 2255 motion, which was docketed on the criminal docket. In both of these motions, Petitioner argues that the § 2255 motion should be reopened because of an alleged fraud on the Court.

    6. Specifically, in both motions Garcia attaches or quotes from letters purporting to be written by Gustavo Gil, a co-conspirator of Garcia's in the underlying criminal action who cooperated with the United States and testified against Garcia at trial. The letters, dated October 21 and 26, 1996, were addressed to a federal investigator and a federal postal inspector, and amounted to complaints by Mr. Gil about the length of his sentence for his participation in the murder conspiracy, despite his cooperation with the investigation. (Sept. 13, 2010

motion, Ex. A.)  In one of the letters, Mr. Gil alludes to "coaching" he claims to have gotten from the United States Attorney's Office in preparation for his testimony, which he believed was "not proper."  (Id.)  Gil does not claim he offered false testimony against any of the murder-for-hire defendants, including Garcia.  Garcia argues that the existence of these letters, which he characterizes as "newly discovered evidence," requires that the Court reopen his nearly fifteen-year-old § 2255 motion.

7.  As Garcia's attachment demonstrates, the Gil letters first came to this Court's attention on October 30, 1996, when they were forwarded to the Court by then-Assistant U.S. Attorney Guadagno, who also forwarded the letters to Counsel for Garcia. The Court responded to AUSA Guadagno, and forwarded a copy of its response to Garcia's attorney, on November 6, 1996.  The Court concluded that, as the letters included no details about any alleged coaching, and were clearly driven by a self-serving motivation by Mr. Gil, the Court would take no action regarding the letters.  Thus, the facts forming the basis of Garcia's current motions to reopen his § 2255 motion were available to him more than seven months prior to his initial § 2255 motion, filed on June 2, 1997.

8.  Although Garcia characterizes his motions pursuant to Rule 60(b) (and, occasionally in his October 6, 2010 motion,

4

under Rule 60(d)) based on an alleged fraud on the Court, he is in fact offering new collateral attacks challenging the underlying conviction.  Petitioner is attacking the legality of his underlying conviction, which he claims the Gil letters demonstrate was obtained through false testimony.  When a Rule 60(b) motion makes new claims for relief from the underlying conviction, it should be construed as a successive habeas petition.  See Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (holding that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction . . . circumvents AEDPA" and therefore such claims should be construed as successive habeas petitions); In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005) ("although it was labeled as a motion under Fed. R. Civ. P. 60(b)(6), it was in substance a motion under 28 U.S.C. § 2255."); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that motion for reconsideration under Fed. R. Civ. P. 60(b) was properly construed as successive § 2255 petition); see also Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003).

    9.  Garcia argues that his September 13, 2010 motion [Civ. Docket Item 32] should not be characterized as a successive § 2255 petition because it does not attack the underlying conviction, but merely the manner in which the earlier § 2255 judgment was procured.  The Third Circuit has held that

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). In the instant matter, the Court concludes that Garcia's September 13, 2010 motion does not challenge the manner that his earlier § 2255 motion was decided, but instead is a collateral challenge to his underlying conviction, as he claims the Gil letters suggest that his original conviction was tainted by false testimony. This attack has nothing to do with how the Court decided his original June 2, 1997 § 2255 motion, and everything to do with his underlying conviction. Consequently, the Court holds that Garcia's September 13, 2010 motion is a successive § 2255 motion.

10. Garcia argues that his October 6, 2010 motion [Cr. Docket Item 52], which alleges the same underlying facts as the September 13 motion, is brought pursuant to Fed. R. Civ. P. 60(b)(6), Rule 60(d), and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Garcia claims to be pursuing an independent action to reopen his § 2255 motion based on alleged fraud on the Court. The Court holds that Garcia does not claim that the Court's July 29, 1998 Order denying his initial § 2255 motion was achieved by fraud, as required to bring an independent

6

action pursuant to Rule 60(d).  See United States v. McIntosh, 373 F. App'x 597, 599 (7th Cir. 2010) (affirming dismissal of movant's Hazel-Atlas independent action as successive § 2255 when it seeks only "relief from the underlying criminal judgment"). Alternatively, the Court finds that a successful independent action under Hazel-Atlas requires that the movant establish "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005).  Additionally, the movant must establish these elements by "clear, unequivocal and convincing evidence" Id.  The Court holds that in the instant case, Garcia has not met this heavy burden, not least because the Gil letters do not allege any specifics of fraud,[1] and both the Court and Garcia were aware of the facts alleged in the letters at the time it decided his original § 2255 motion.  Consequently, even if the Court were to determine that Garcia's October 6, 2010 motion is not a successive § 2255 motion, depriving the Court of jurisdiction, the Court would still deny the motion as insufficient to meet the burden established by the Third Circuit.

---

[1] In neither letter did Mr. Gil suggest he had given false testimony to the grand jury or at trial, and Petitioner Garcia's allegation of false testimony and "fraud on the court" finds no support in Gil's letters or in any other material of record. Each of Gil's letters was instead a request for the investigators to assist him in obtaining greater recognition of the value of his cooperation, which is inconsistent with claiming he gave false testimony.

11. A successive § 2255 motion may be brought only after a panel of the appropriate court of appeals certifies that it contains: (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to collateral review cases. 28 U.S.C. § 2255(h). Petitioner has not received authorization from the Third Circuit to file his successive § 2255 motion.

12. Without the required authorization from the Court of Appeals, this Court lacks the subject matter jurisdiction necessary to consider either of Petitioner's motions. Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002) (holding that "most courts that have considered the issue treat the successiveness issue as comparable to the defense that the court lacks jurisdiction over the subject matter"). Therefore, the Court must use its discretion in choosing whether to dismiss the motions or transfer them to the Third Circuit pursuant to 28 U.S.C. § 1631. Id. at 139 (noting that when a "second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals").

13. This Court has considered whether to transfer these motions for a successive § 2255 motion to the Court of Appeals and declines to do so. While Garcia claims that the Gil letters

amount to newly discovered evidence, the Court finds that they do not, as the existence of the letters was known to Garcia's counsel in 1996, months before he filed his initial § 2255 motion in 1997.  There would, therefore, appear to be no basis upon which the Court of Appeals could authorize the successive motions.  The Court will consequently dismiss the motions for lack of subject matter jurisdiction.  The accompanying Order will be entered.


**May 10, 2011**                                    **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                          United States District Judge